IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

SOUTHERN DISTRICT OF MISSISSIPPI
FILED
APR 10 2018
ARTHUR JOHNSTON
BY _____ DEPUTY

SAIMAREYA CARSON AND JAYLA CRAFT, a minor    PLAINTIFFS
by and through her natural mother and next friend
ZELLIE CRAFT

V.                                            CASE: 2:18cv56KS-MTP

ALLSTATE PROPERTY AND                         DEFENDANT
CASUALTY INSURANCE COMPANY

---

### NOTICE OF REMOVAL BY DEFENDANT ALLSTATE PROPERTY AND CASUALTY INSURANCE COMPANY

---

Defendant, Allstate Property and Casualty Insurance Company ("Allstate"), by and through counsel, and files this, its Notice of Removal of this matter to the United States District Court for the Southern District of Mississippi, Eastern Division, pursuant to 28 U.S.C. § 1441. Grounds for removal are as follows:

### INTRODUCTION

1. Plaintiffs' Complaint is premised upon a claim for uninsured motorist benefits asserted against her insurer, Allstate, as a result of a motor vehicle accident. In addition to Plaintiffs' uninsured motorist benefits claims, Plaintiffs' Complaint also includes additional claims for breach of contract, bad faith, extra-contractual and punitive damages against Allstate. Because complete diversity exists and because it is facially apparent from Plaintiffs' Complaint that the amount in controversy exceeds $75,000, removal is proper pursuant to 28 U.S.C. § 1441.

## REMOVAL IS TIMELY

2.  On March 2, 2018, Plaintiffs filed this civil action against Allstate in the Circuit Court of Walthall County, Mississippi. A copy of all pleadings filed in the Circuit Court of Walthall County, Mississippi and specifically those served upon Allstate are attached as Exhibit A.

3.  This action became removable on March 14, 2018, as this is the date that Allstate was served with a copy of Plaintiffs' Complaint and Summons. Pursuant to 28 U.S.C. § 1446(b), this Notice of Removal is filed within thirty (30) days after receipt of Plaintiffs' Complaint and Summons, which on its face demonstrates that the case is removable. This Notice of Removal is therefore timely under the provisions of 28 U.S.C. § 1446(b).

## THE VENUE REQUIREMENT IS MET

4.  Venue of this removal is proper under 28 U.S.C. § 1441(a), because this Court is the United States District Court for the district and division corresponding to the place where the state court action is pending.

## REMOVAL IS PROPER

5.  Removal is controlled by 28 U.S.C. § 1441, which provides in relative part that "any civil action brought in a State court of which the district court of the United States have original jurisdiction, may be removed by the defendant." *Id.* Original jurisdiction exists if, pursuant to 28 U.S.C. § 1332, there is complete diversity among the parties and the amount in controversy exceeds $75,000. *Id. See also e.g. Allen v. R & H Oil & Gas Co.,* 63 F.3d 1326, 1330 (5th Cir. 1995). Therefore, if complete diversity exists and it is determined that the amount in controversy exceeds $75,000, this Court has original jurisdiction in this case and removal is proper pursuant to 28 U.S.C. § 1441.

### A. Complete Diversity Exists Between the Parties

6. Complete diversity exists among the parties pursuant to 28 U.S.C. § 1332(a). According to the Complaint, Plaintiffs are residents of Mississippi. *See* (Plaintiffs' Complaint attached as Exhibit "B"). Pursuant to 28 U.S.C. § 1332(c)(1) Allstate is incorporated in the State of Delaware, and has its principal place of business in the state of Illinois. *See* (Corporate Disclosure Statement, Exhibit "C"). Because Plaintiffs are residents of Mississippi and Allstate is deemed to be a citizen of Delaware and Illinois, complete diversity of citizenship exists among the parties.

### B. The Amount in Controversy Exceeds $75,000.00

7. Although Plaintiffs allege that the amount in controversy does not exceed $75,000.00, it is facially apparent that the amount in controversy exceeds $75,000.00. Fifth Circuit authority is clear that in circumstances, such as this, where a plaintiff pleads an amount below the $75,000.00 jurisdictional limits, the amount pled by plaintiff is not controlling, and instead, a district court will look to the face of the complaint to determine whether the controversy exceeds $75,000.00. *See e.g., Deaguilar*, 47 F.3d 1404, 1410 (5th Cir. 1995).

8. Although Plaintiffs have each pled general personal injury damages, what is more telling as to the amount in controversy determination are Paragraphs 12-27 of the Complaint, which include claims and allegations of breach of contract, bad faith, extra-contractual damages and punitive damages against Allstate. Specifically, in addition to the underinsured motorist claim, Plaintiffs' Complaint asserts a claim of alleged intentional/malicious conduct against Allstate relative to the claims handling process.

9. As a matter of law, federal courts have consistently held that a bad faith/punitive damage claims alone against an insurance company exceed the $75,000.00 jurisdictional amount. *See e.g. Brasell v. Unumprovident Corp.*, 2015 WL 1530342 (N.D. Miss. 2001)

10. For example, in ascertaining whether plaintiff's claim for punitive damages actually exceeded $75,000, so as to meet the federal jurisdictional minimum in *Brasell*, the court noted that:

> "punitive damages awards against insurance companies in Mississippi routinely exceed that amount. [citations omitted] Further, federal courts in Mississippi have consistently held that a claim for an unspecified amount of punitive damages under Mississippi law is deemed to exceed the amount necessary for federal jurisdiction. See, e.g., *St. Paul Reinsurance Co., Ltd.*, 134 F.3d at 1255; *Marcel v. Pool Co.*, 5 F.3d 81, 84-85 (5th Cir. 1993); *Myers*, 5 F.Supp.2d at 428-29; *Allstate Ins. Co. v. Hilbun*, 692 F. Supp. 698, 701 (S.D. Miss. 1988)."

11. Accordingly, this civil action is one in which this Court has original jurisdiction pursuant to 28 U.S.C. § 1332 since it is a civil action between citizens of different states and based on the Plaintiffs' Complaint, the amount in controversy, including claims for punitive damages/bad faith, is in excess of $75,000. *See e.g., Paris v. Bevard*, 2015 WL 3885501*1-2 (S.D. Miss. 2015) ("federal courts in Mississippi have consistently held that a claim for an unspecified amount of punitive damages is deemed to exceed the federal jurisdictional minimum").

12. Although Plaintiffs' Complaint attempts to defeat diversity jurisdiction by claiming judgment/damages will not exceed $75,000, it is facially apparent from the Complaint and Plaintiffs' alleged claims and damages exceed the $75,000 jurisdictional limits of this Court. Complete diversity therefore exists and removal is proper.

## CONCLUSION

13. The civil action filed by Plaintiffs in the Circuit Court of Walthall County, Mississippi, is one in which the District Courts of the United States have original jurisdiction pursuant to 28 U.S.C. § 1332. There being complete diversity jurisdiction, this action may be removed to this Court pursuant to the provisions of 28 U.S.C. § 1441.

WHEREFORE, Defendant, Allstate Property and Casualty Insurance Company, requests this Court to proceed with the handling of this case as if it had been originally filed herein.

This the 9 day of April, 2018.

                              Respectfully submitted,

                              **ALLSTATE PROPERTY AND CASUALTY INSURANCE COMPANY**

                              BY:_____
                                  CORY L. RADICIONI (MSB #101761)
                                  GRAFTON E. BRAGG (MSB #104821)

OF COUNSEL:

WISE CARTER CHILD & CARAWAY, P. A.
Post Office Box 651
Jackson, Mississippi   39205
601.968.5500
clr@wisecarter.com
geb@wisecarter.com

5

## **CERTIFICATE OF SERVICE**

I, Cory L. Radicioni, do hereby certify that I have this day mailed by United States Mail, postage prepaid, a true and correct copy of the above and foregoing pleading to the following:

> Will Montgomery
> Gammill Montgomery, PLLC
> 221 Sunnybrook Road, Suite B
> Ridgeland, Mississippi 39157

This the 9 day of April, 2018.

_____
CORY L. RADICIONI